**Sheila BOOKER, Plaintiffs–Appellant,**

v.

**BWIA WEST INDIES AIRWAYS LIMITED, Defendant–Appellee.**

No. 07–3131–cv.

United States Court of Appeals, Second Circuit.

Jan. 13, 2009.

Vivian M. Williams, Vivian M. Williams & Associates, New York, N.Y., for Appellants.

Stephen J. Fearon and John Maggio, Condon & Forsyth LLP, New York, N.Y., for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Appellant argues that the court below erred in granting partial summary judgment in favor of Appellee. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

## I. Application and Preemption by the Montreal Convention

█ Appellant makes a variety of arguments claiming that the Montreal Convention does not preempt her state law claims. These arguments are unavailing. The fact that the Appellant alleges an injury that took place outside of the aircraft and several days after the flight does not make the Montreal Convention inapplicable. To the extent that her claim falls within the provision covering lost baggage, "the event which caused the destruction, loss or damage [to her baggage] took place ... during a[ ] period within which the checked baggage was in the charge of the carrier," Montreal Convention, Art. 17(2). To the extent that her claim falls within the provision covering accidents that cause bodily injury, the relevant "accident" that Appellant alleges is the taking of her baggage, which occurred on board the plane. *Id.* Art. 17(1); *cf. Air France v. Saks,* 470 U.S. 392, 399, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985) (explaining that, in an analogous provision of the Warsaw Convention, "accident" refers to the cause, rather than the occurrence of the injury).

## II. Emotional Damages

█ Appellant further argues that the District Court erred in holding that she cannot collect emotional damages. We need not here decide precisely the standard for when emotional damages are sufficiently connected to physical injury to give rise to liability. In the case before us, Appellant has not alleged any detailed facts to suggest that her physical injuries were caused by the airline. There is therefore not "any genuine issue of material fact" regarding this matter. *See* Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir.2007).

## III. Liability Cap

█ Appellant additionally makes several argument as to why that the liability cap of 1,000 Special Drawing Rights should not apply. These arguments are unavailing. The fact that the airline may have failed to give notice about the effect of the Montreal Convention and may have failed to allow Appellant to opt out does "not affect the existence or the validity of the contract of carriage, which shall, nonetheless, be subject to the rules of this Convention including those relating to limitation of liability." Montreal Convention, Art. 3(5). Nor is it relevant that Appellant claims that airline's conduct was "wilful." Appellant offers no specific evidence to suggest that the loss of her property resulted from action "done with intent to cause damage or recklessly and with knowledge that damage would probably result," as would be required by Article 22(5) of the Montreal Convention. There is therefore not "any genuine issue of material fact" regarding this matter. *See* Fed.R.Civ.P. 56(c); *Anderson,* 477 U.S. at 247–50, 106 S.Ct. 2505; *McCarthy,* 482 F.3d at 202.

## IV. Conclusion

We have considered all of Appellants' arguments and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**